UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROBERT MEFFORD,

Petitioner,

v.

DIRECTOR OF BUREAU OF PRISONS,

Respondent.

Civil File No. 01-265 (RHK/SRN)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's self-styled pleading entitled "Writ of Mandamus." (Docket No. 1.) The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that this action be TRANSFERRED to the U.S. District Court for the Eastern District of Texas, pursuant to 28 U.S.C. § 1631.

**I. BACKGROUND**

Petitioner is a federal prisoner incarcerated at the Federal Correctional Institution in Beaumont, Texas, ("FCI-Beaumont"). He is serving a prison sentence that was imposed in this District, following his conviction on federal bank robbery charges. (U.S. v. Mefford, No. 4:87cr130). In his present pleading, he claims that the federal Bureau of Prisons (BOP) has misinterpreted or miscalculated his sentence, and is causing him to be confined beyond his proper release date.

**II. DISCUSSION**

The Clerk of Court has treated Petitioner's pleading as an application for habeas corpus relief under 28 U.S.C. § 2241. While the Court is not bound by the Clerk's

FEB 15 2001
E. DO
ENTD
CLERK

understanding or interpretation of any given submission, in this case the Court fully agrees that Petitioner's so-called "writ of mandamus" should be construed as a habeas corpus petition, because habeas corpus is the exclusive federal post-conviction remedy for a prisoner who is attempting to challenge the fact or duration of his or her confinement. Heck v. Humphrey, 512 U.S. 477, 481 (1994), citing Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973); see also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996); Williams v. Hopkins, 130 F.3d 333, 335-36 (8th Cir.), cert. denied, 522 U.S. 1010 (1997). Where the proper form of action (habeas or some other form of remedy) is debatable, "[i]t is the substance of the relief sought which counts." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (emphasis added). In this case, Petitioner is obviously attempting to challenge the duration of his confinement by the BOP. Therefore, this case must be viewed as a habeas corpus action.

Furthermore, Petitioner is not claiming that the sentencing judge committed an error in the imposition of his sentence; rather, he is claiming that the BOP has committed an error in the enforcement of his sentence. In other words, he is not challenging the sentence itself, but the BOP's interpretation and execution of the sentence. This means that Petitioner's pleading must be treated as a habeas corpus petition brought under 28 U.S.C. § 2241, rather than a motion brought under 28 U.S.C. § 2255 to vacate or correct a sentence. U.S. v. Leath, 711 F.2d 119, 120 (8th Cir. 1983) (section 2255 does not give a district court jurisdiction over a prisoner's challenge to the execution of his sentence);

U.S. v. Gleason, 753 F.2d 83, 85 (8th Cir. 1985) (per curiam) (same).[1] Thus, the Clerk of Court properly construed Petitioner's current pleading as petition for habeas corpus relief brought under 28 U.S.C. § 2241.

The Court must next consider whether Petitioner's § 2241 habeas petition can properly be entertained in this District. It is well-settled in this Circuit that "[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court." U.S. v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977). See also Lee v. United States, 501 F.2d 494, 501 (8th Cir. 1974); Gravink v. United States, 549 F.2d 1152, 1154 (8th Cir. 1977); Kills Crow v. United States, 555 F.2d 183, 189, n. 9 (8th Cir. 1977); McCoy v. United States Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976). It is also well-settled that, for habeas corpus purposes, the term "custodian" normally means the official in charge of the facility where the petitioner is detained -- i.e., the prison warden. McCoy, 537 U.S. at 964 ("[t]he custodian is, in most circumstances, the warden [or] chief administrative official of the correctional institution in which the petitioner is incarcerated").

Because Petitioner is currently confined at FCI-Beaumont, his custodian for habeas purposes must be the warden at that prison. The warden at FCI-Beaumont obviously is not located in this District; he or she must be located in Beaumont, Texas, which is in the Eastern District of Texas. Because Petitioner's current custodian, the warden at FCI-Beaumont, is not located here, he or she is not subject to personal jurisdiction in this District. Therefore, the instant petition cannot be entertained here. Monteer, 556 F.2d at

---

[1] Moreover, if Petitioner were seeking § 2255 relief, his motion would have to be summarily dismissed, because it would be clearly time-barred under the one-year statute of limitations prescribed at the sixth paragraph of § 2255.

880-81; Leath, 711 F.2d at 120-21; Gleason, 753 F.2d at 85.

While the action could be dismissed (without prejudice) for lack of jurisdiction, the Court finds that the interests of justice would be better served by transferring this matter to the proper district pursuant to 28 U.S.C. § 1631.[2] It is therefore recommended that the Clerk of Court be directed to transfer this case to the Eastern District of Texas, where the proper Respondent, the warden at FCI-Beaumont, is located. After the matter has been transferred, the transferee court can address Petitioner's various submissions, (including his application for leave to proceed in forma pauperis, [Docket No. 2]), as that court deems appropriate.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

The Clerk of Court be directed to transfer this case to the U.S. District Court for the Eastern District of Texas.

DATED: February 15, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

---

[2] 28 U.S.C. § 1631 provides that:

"Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.